in re rsc

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-338-CV

IN RE RENTAL SERVICES CORPORATION RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator Rental Services Corporation (“RSC”) filed a petition for writ of mandamus seeking relief from a trial court order compelling RSC to produce certain documents, which RSC claims are privileged.  Because RSC’s privilege log falls short of the requirements of rule 193.3(b), we deny RSC’s petition.

Background

The real party in interest, Anna Lee, sued RSC for wrongful death damages after her husband was crushed and killed by a piece of heavy equipment owned by RSC and leased to the decedent’s business partner.  Lee served a request for production on RSC seeking documents identifying persons who investigated the decedent’s death and the types and categories of documents and things compiled in the investigation.  RSC objected to the request as seeking information protected by the attorney-client, work-product, witness-statement, party-communication, and consulting-expert privileges.  RSC did not state that it was withholding documents.  When Lee requested a privilege log, RSC produced a log that stated in its entirety as follows:

Document: Internal investigative data and notes prepared in anticipation of litigation.

Description: Memorializations of conversations with attorneys of record, detailed; summaries regarding the investigation.

Pgs.: 60 pgs.

Objection: attorney/work product privilege; attorney/client privilege; investigative privilege; consulting expert privilege.

Bates Label: 230-290. 

Lee filed special exceptions to the privilege log and a motion to compel, and RSC moved for a protective order.  The trial court reviewed the subject documents in camera and ultimately ordered RSC to produce them.  RSC then filed its petition for writ of mandamus in this court. 

Standard of Review

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); 
In re Colonial Pipeline Co
., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding).  In making determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed.  
Colonial Pipeline
, 968 S.W.2d at 941.
  
To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

Discussion

A party claiming a privilege in discovery must assert the privilege in accordance with rule 193.3.  
Tex. R. Civ. P.
 193.3.  “A party should not”—as RSC did here—“object to a request for written discovery that calls for production of material or information that is privileged but should instead comply with Rule 193.3.” 
 Tex. R. Civ. P.
 193.2(f).  
A party may assert a privilege by withholding documents and stating in its response to a discovery request: “(1) information or material responsive to the request has been withheld, (2) the request to which the information or material relates, and (3) the privilege or privileges asserted.”  
Tex. R. Civ. P
. 193.3(a).  Upon request, the withholding party must serve a privilege log that “(1) describes the information withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege, and (2) asserts a specific privilege for each item or group of items withheld.”  
Tex. R. Civ. P.
 193.3(b).

Both RSC and Lee cite 
In re E.I. DuPont de Nemours & Co. 
as an example of what constitutes an adequate privilege log under rule 193.3(b).  
See
 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding).  We find 
DuPont
 instructive.  Following is a sample of the 
DuPont 
privilege log as described by the supreme court:

“DUP Bates Range 0903484-3484, Date 741029,” a document from “Austin RE (DuPont Legal)” to “Mfg Environmental Committee,” copied to “Bonczek RR (DuPont Legal; Galloway WR; Helmers EN; Hildrew JC; Meany DM; Reichert RJ; Schmutz JF (DuPont Legal), and Sebree DB (DuPont Legal),” is a “Memo between DuPont counsel requesting legal advice and comments re: proposed amendments to regulations concerning national emissions standards for hazardous air pollutants.”

Id.
 at 221, n.1.

In 
DuPont
, the real party in interest did not argue that the privilege log was inadequate, and the supreme court did not hold that it was or was not adequate.  But the difference between the 
DuPont 
log and the log in this case is striking—so striking that the log in this case seems clearly deficient.  The log in 
DuPont
 describes the information withheld in a way that “enables other parties to assess the applicability of the privilege.”  
See
 
Tex. R. Civ. P.
 193.3(b)(1).  By contrast, the log in this case is so vague as to be almost meaningless and does not enable Lee, the trial court, or this court to assess the applicability of the privilege—which is presumably why the trial court reviewed the documents themselves in camera.

Because RSC’s privilege log falls short of the minimum requirements of rule 193.3(b), we cannot say that the trial court abused its discretion when it overruled RSC’s assertion of privilege and ordered the production of the subject documents.  Therefore, we deny RSC’s petition for writ of mandamus.  We vacate our order of October 4, 2006, in which we stayed proceedings in the trial court pending the disposition of this original proceeding.

PER CURIAM

PANEL A: GARDNER, DAUPHINOT, and MCCOY, JJ.

DELIVERED:  December 7, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.